FILED'11 APR 26 11:19USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JEFFRIE McKIE AND SUSAN McKIE,

        Plaintiffs,

SEARS PROTECTION CO., SEARS ROEBUCK
CO., SEARS HOME IMPROVEMENT
PRODUCTS, INC., SEARS HOLDINGS CORP.,

        Defendants.

Civil No. 10-1531-PK

ORDER

HAGGERTY, District Judge:

      Magistrate Judge Papak issued a Findings and Recommendation [15] in this action

recommending that defendants' Motion to Dismiss [3] should be granted in part: plaintiffs'

negligence claim concerning defendants' delayed response in repairing a furnace should be

dismissed, but negligence claims arising from allegations about a repair technician's poor

handling of an exhaust flue should survive the dismissal motion.  The Magistrate Judge also

ruled that plaintiffs' claims under Oregon's Unlawful Trade Practices Act (UTPA), ORS 646.605

*et seq.*, should survive the dismissal motion, and that Jeffrie McKie's elder abuse claim should be

1 -- ORDER

dismissed with leave to be re-pled with greater specificity. Findings and Recommendation at 25-26.

Defendants filed objections pertaining to the conclusions regarding plaintiffs' UTPA claims and the elder abuse claim. When a party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Aspects of the Findings and Recommendation to which no objections are raised are evaluated and are adopted unless clear error appears on the face of the record. *Campbell v. United States District Court*, 501 F.2d 196 (9th Cir. 1974). No clear error exists regarding any unopposed finding or recommendation in this matter.

The court has given the file of this case a *de novo* review, carefully evaluating the Magistrate Judge's Findings and Recommendations, the objections, and the record of the case. The Findings and Recommendation is well-reasoned, without error, and is adopted in its entirety.

## ANALYSIS

The Magistrate Judge reviewed the relevant facts in this matter, noting that plaintiffs allege common law claims for breach of contract and negligence, claims under Oregon's UTPA, and that plaintiff Jeffrie McKie asserts an elder abuse claim under ORS 124.110 (because he was 65 years old when he executed the most recent service plan with defendants). Plaintiffs' allegations are summed up succinctly by the Findings and Recommendation:

2 -- ORDER

> Sears allegedly failed to repair a furnace, despite sending five different repair
> technicians to the [plaintiffs'] home over the course of more than three and a half
> months, and in the process left two individuals with health problems in a home
> without adequate heat. Moreover, after effectively abandoning the repair, Sears
> allegedly attempted to convince [plaintiffs] to pay several thousand dollars out of
> pocket for an unspecified furnace replacement.

Findings and Recommendation at 17.

Although the Magistrate Judge concluded that plaintiffs' negligence claims regarding defendants' failure to perform repairs should be dismissed because plaintiffs' contract claim addresses that conduct, plaintiffs' negligence claim regarding their exposure to exhaust fumes because a technician dispatched by defendants left a flue pipe open was not subject to dismissal. Findings and Recommendation 11-13. Defendants do not object to this aspect of the Findings and Recommendation and it is adopted.

Defendants object to the conclusion that plaintiffs' UTPA and elder abuse claims should not be dismissed, however. Initially, defendants object "to the characterization of [defendants'] argument at Page 5" of the Findings and Recommendation, because defendants' challenge to plaintiffs' UTPA and elder abuse claims is broader than merely that plaintiffs failed to allege "that Sears acted with the requisite intent." Objections at 2.

This general objection is overruled. The Findings and Recommendation thoroughly addressed all bases for dismissal presented by defendants, and proceeded to provide a detailed analysis regarding defendants' primary arguments.

Next, defendants object to the portrayal in the Findings and Recommendation of the pleading standards applicable to plaintiffs' UTPA claims. Objections at 2. Defendants reiterate an interpretation of a decision by the Oregon Supreme Court that they advanced previously. The

3 -- ORDER

decision in *Rathgeber v. Hemenway*, 69 P.3d 710 (Or. 2003) was analyzed by the Magistrate

Judge thoroughly. Findings and Recommendation at 14-18. The Findings and Recommendation

recognized that the Oregon Supreme Court ruled that the plaintiffs in *Rathgeber* – after

presenting their case to a jury – failed to establish that willful representations were made that

would entitle the plaintiffs to recover damages under Oregon's UTPA. *Id.* (citing *Rathgeber*, 69

P.3d at 716). In part, this was because the plaintiffs conceded that the facts presented did not

support a conclusion that the agent knew or should have known that a fiduciary duty at issue

would be breached at the time that the agent made the representations. Findings and

Recommendation at 16 (citing *Rathgeber*, 69 P.3d at 716).

The Magistrate Judge properly concluded that the *Rathgeber* decision teaches that to

survive a motion to dismiss, factual allegations offered in support of a UTPA claim "must

somehow suggest the defendant acted willfully at the time of the misrepresentation, perhaps by

alleging misconduct so inconsistent with the defendant's original promise that the court could

reasonably infer the defendant did not intend to comply with her promises at the time they were

made." Findings and Recommendation at 16-17 (citing *Rathgeber*, 69 P.3d at 715). The

Magistrate Judge concluded that plaintiffs' pleadings adequately support a UTPA claim (for

purposes of surviving a motion to dismiss) because "it is certainly plausible that Sears changed

the way it administered [its maintenance and repair services] between [plaintiffs'] penultimate

contact and their 2009-2010 encounter," and that defendants' agents who negotiated with

plaintiffs in August 2009 "either knew or should have known that the repair work [that would be]

provided . . . would not live up to the standard they allegedly described." This conclusion is

sound, well-reasoned, and adopted.

4 -- ORDER

Defendants construe this conclusion as based solely upon allegations that "some technicians did not wear Sears uniforms, which supposedly 'suggests' that Sears did not send certified repair technicians, as it had in the past," and defendants characterize this as "an unwarranted reach." Objections at 4.

To the contrary, the Findings and Recommendation correctly analyzed the allegations presented in the entire record. The allegations are sufficient to survive dismissal. Defendants' confidence in what the record may support after discovery or at trial fails to establish grounds for granting defendants' motion to dismiss.

Similarly, defendants' objections regarding the sufficiency of the basis for plaintiff Jeffrie McKie's elder abuse claim are overruled. The Findings and Recommendation's conclusion that the Complaint's allegations plausibly suggest that defendants misrepresented the nature of the maintenance services in the negotiations with plaintiffs in 2009, and therefore support the elder abuse claim, is sound. Findings and Recommendation at 19.

Finally, defendants' objections asserting that plaintiffs pled their UTPA claims with insufficient particularity are overruled. The Findings and Recommendation concluded that the particularity requirements of Federal Rule of Civil Procedure 9(b) are inapplicable to the UTPA claims presented in this case. Findings and Recommendation at 20-22. Defendants' resistance to clear precedent regarding this conclusion was noted, but was found unpersuasive. Findings and Recommendation at 21.

Defendants' arguments remain unpersuasive. The Findings and Recommendation construed the holdings of *Rathgeber* and *Oregon ex rel. Redden v. Disc. Fabrics, Inc.*, 615 P.2d 1034 (Or. 1980), properly. These decisions distinguish the elements of UTPA claims and

5 -- ORDER

common law fraud claims because of "two important differences" – "unlike fraud claims, UTPA

claims based on non-disclosure in particular do not require proof of reliance," and "the scienter

requirement for . . . UTPA claims [is] different than for common law fraud claims: where UTPA

claims require only negligent misrepresentation, fraud claims require something more." Findings

and Recommendation at 21 (citations and quotations omitted). Defendants' arguments that this

clear precedent is inapplicable because *Redden* should not apply to UTPA suits for private

damages, and because *Rathgeber* should be interpreted as establishing a higher level of scienter

for private damages suits under Oregon's UTPA, remain rejected. The Findings and

Recommendation's conclusion that plaintiffs' UTPA claims "need not meet the pleading

requirements of Rule 9(b) is correct, sound, and adopted.

## CONCLUSION

Defendants' Objections, seeking an order dismissing plaintiffs' UTPA and elder abuse

claims or, in the alternative, requiring plaintiffs to plead their UTPA claim with the particularity

required by Federal Rule 9(b), are overruled. The Findings and Recommendation [15] is adopted

in its entirety, and defendants' Motion to Dismiss [3] is granted in part: plaintiffs' negligence

claim concerning defendants' delayed response in repairing a furnace are dismissed, and plaintiff

Jeffrie McKie's elder abuse claim is dismissed without prejudice and leave is granted for the

claim to be re-pled with particularity under Federal Rule 9(b).

IT IS SO ORDERED.

DATED this 26 day of April, 2011.

Ancer L. Haggerty
United States District Judge