FILED
APR 27 2011

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY MCKIE and SUSAN MCKIE,

        Plaintiffs,

CV 10-1531-PK

OPINION AND ORDER

SEARS PROTECTION CO.; SEARS
ROEBUCK CO.; SEARS HOME
IMPROVEMENT PROCUDTS, INC;
SEARS HOLDINGS CORP.,

        Defendants.

PAPAK, Judge:

       Plaintiffs and defendants jointly submitted an informal letter detailing their discovery disputes and the court held a telephone conference with the parties today concerning those discovery issues. The single issue taken under advisement is whether Fed. R. Civ. P. 33(d) requires defendants to include a detailed description of the specific documents constituting their

Page 1 - OPINION AND ORDER

responses to Interrogatories 2, 6, 7, and 8, instead of merely producing those documents. Plaintiffs argue that defendants fail to satisfy the first requirement of Rule 33(d) because they do not specify the records that must be reviewed, instead forcing the plaintiffs to guess which documents respond to their interrogatories. Defendants, by contrast, contend that they have provided less than 250 pages of documents for plaintiff to review and that specifying the exact pages of those documents that respond to the interrogatories is unnecessary because it is self-evidence which documents are responsive. Further, defendants assert that they have already produced various logs documenting correspondences and emails to and from plaintiffs pursuant to responses for production that would enable plaintiffs to locate the documents they seek just as easily as defendants could. I find that Rule 33(d) requires no additional response from defendants as to Interrogatories 6, 7, and 8, but requires additional specificity as to Interrogatory 2.

Rule 33(d) provides an alternative method for a party to respond to an interrogatory when the answer may be derived from the business records of the responding party:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d). The Advisory Committee notes to Rule 33(d) make clear that a party permitted to offer records in lieu of answering an interrogatory must "offer them in a manner that permits the same direct and economical access that is available to the party." (Notes of Advisory

Page 2 - OPINION AND ORDER

Committee on 1980 Amendment to Rule 33(c) (renumbered Rule 33(d) in 1993)). Case law suggests that Rule 33(d) does not permit the responding party to create an unequal burden for the receiving party, for example, by declining to supply an already-existing compilation that answers the interrogatories or by producing a mass of records that can only be deciphered by the responder. *See Sadofsky v. Fiesta Products, LLC*, 252 F.R.D. 143, 148 (E.D.N.Y. 2008) (collecting cases). Nevertheless, "the rationale behind Rule 33(d) is to shift the burden of compiling the information and, accordingly, ascertaining the answer, from the producing party to the interrogating party." *Id.* Thus, where one of the parties must undertake the task of compiling the information and the records presented are not voluminous or indecipherable, "the interrogating party should bear the responsibility of compiling the information." *Id.* at 149.

Here, the documents to be reviewed are a manageable 250 pages. The charts already produced concerning the correspondence and communication between plaintiffs and defendants provide a guide to those documents. Plaintiffs do not point to any special knowledge defendants possess that is necessary to read and interpret the documents, at least concerning documents memorializing the contacts between the McKies and Sears. Thus, regarding Interrogatories 6, 7, and 8, all of which pertain to communications between the plaintiffs and defendants, the plaintiffs must bear the burden of compiling the answers to their own queries.

By contrast, Interrogatory 2 seeks a different sort of information: a list of documents consulted by defendants in the preparation of answers to interrogatories. Here, defendants alone know which documents they relied upon in crafting their responses, and requiring plaintiffs to deduce that information from defendants' productions would place an unequal burden on the plaintiffs. Thus, to the extent that defendants responded to plaintiffs' interrogatories, as opposed

Page 3 - OPINION AND ORDER

to merely objecting to them, defendants must specifically identify the documents they consulted in preparing those answers.

IT IS SO ORDERED.

Dated this 27nd day of April, 2011.

_____
Honorable Paul Papak
United States Magistrate Judge

Page 4 - OPINION AND ORDER